## In re CRAZY EDDIE SECURITIES LITIGATION.

### No. 87 C 33.

United States District Court, E.D. New York.

Aug. 30, 1989.

Rabin & Sirota, Howard B. Sirota, Abbey & Ellis (Arthur Abbey, of counsel), Milberg, Weiss, Bershad (David J. Bershad, of counsel), Stull, Stull & Brody (Jules Brody, of counsel), Law Office of Joseph H. Weiss (Joseph Weiss, of counsel), Law Offices of Joseph J. Tabacco, Jr. (Joseph J. Tabacco, Jr., of counsel), Harvey Greenfield, New York City, Kohn, Savett, Klein & Graf, P.C. (Stuart H. Savett, of counsel), Philadelphia, Pa., for plaintiffs.

Tuttle & Taylor Inc. (C. Stephen Howard, of counsel), Los Angeles, Cal., Folkenflik & Associates (Max Folkenflik, of counsel), New York City, for plaintiff Oppenheimer–Palmieri Fund.

Pryor, Cashman, Sherman & Flynn (James A. Janowitz, of counsel), New York City, Akin, Gump, Strauss, Hauer & Feld (David A. Donohoe, of counsel), Washington, D.C., for defendant Crazy Eddie, Inc.

Kronish, Lieb, Weiner & Hellman (William O'Brien, of counsel), New York City, for defendant Eddie Antar.

Gersten, Savage, Kaplowitz & Zuckerman (Marvin Gersten, of counsel), New York City, for defendants Sam Antar, Mitchell Antar and Allen Antar.

Friedman & Kaplan (Bruce S. Kaplan, of counsel), New York City, for defendant Isaac Kairey and third-party defendant Eddie H. Gindi.

St. John, Oberdorf, Williams, Edington and Curtain (Michael Lambert, of counsel), Newark, N.J., for defendant David Pardo.

Kaye, Scholer, Fierman, Hays & Handler (Steven Glassman, of counsel), New York City, for defendant Oppenheimer & Co., Inc.

Shearman & Sterling (Kenneth M. Kramer, of counsel), New York City, for defendant Peat Marwick Main & Co. and KMG Main Hurdman.

Davis, Markel & Edwards (Thomas J. Sweeney, III, of counsel), New York City, for defendant Peat Marwick Main & Co.

Kelley, Drye & Warren (John P. Marshall, of counsel), New York City, for defendant James H. Scott, Jr.

Weil, Gotshal & Manges (Dennis J. Block, of counsel), New York City, for defendants Salomon Brothers, Inc., Bear Stearns & Co., Inc. and Wertheim & Co., Inc.

William H. Saltzman, New Rochelle, N.Y., pro se.

Morrison, Cohen & Singer (Kevin Rover, of counsel), New York City, for defendant David V. Panoff.

Eisenberg & Tanchum (David M. Rubin, of counsel), New York City, for third-party defendant Abraham Grinberg.

Shatzkin & Reiss (Howard R. Reiss, of counsel), New York City, for third-party defendants Kathleen G. Morin and Jean Cocchiara.

Cheriff & Warner (Jonathan D. Warner, of counsel), New York City, for defendant Sam E. Antar.

Leader & Berkon (Frederick D. Berkon, of counsel), New York City, for defendants Solomon E. Antar, Eddy Antar, Steven Pasquariello, Edmond Levy and Carl G. Zimel.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiffs have moved for an order confirming that this action may proceed against all defendants other than Crazy Eddie, Inc., and that the scope of the automatic stay provision of Section 362 of the Bankruptcy Code is limited to that defendant.

On June 20, 1989 Crazy Eddie, Inc. (the Debtor) filed a voluntary petition for protection under Chapter 11 of the Bankruptcy Code. The other defendants (the defendants) now take the position that all proceedings against them in this action are or should be stayed. Moreover, by order dated July 7, 1989 Magistrate Caden ordered that all discovery in the action, including discovery against the defendants, was stayed "pending a determination of the scope of the automatic stay." Plaintiffs now ask the court to issue an order confirming that the action may proceed as against all defendants other than the Debtor.

Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a), recites, in pertinent part, that the filing of a Chapter 11 petition

> operates as a stay, applicable to all entities, of (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title....

As the Court of Appeals for the Second Circuit said in *Teachers Ins. & Annuity Ass'n of America v. Butler*, 803 F.2d 61, 65 (2d Cir.1986), stays pursuant to § 362(a) are limited to debtors and "do not encompass non-bankrupt co-defendants," and "Chapter 11, unlike Chapter 13, contains no

provision to protect non-debtors who are jointly liable on a debt with the debtor."

Defendants argue that this court should leave the decision concerning the scope of the stay to the bankruptcy court, citing *In re Baldwin–United Corp. Litigation,* 765 F.2d 343 (2d Cir.1985). That case is not in point. It held that it was a misuse of the district court's equitable power to issue an injunction barring a debtor from applying to the bankruptcy court for declaratory or injunctive relief that would interfere with the district court's jurisdiction over a third-party complaint against the debtor in the litigation pending before the district court.

No such situation obtains here. Plaintiffs concede that the stay applies to the Debtor, and at present are not seeking to enforce any claim against it.

Defendants ask the court to exercise its equity powers to extend the stay to them, citing a Fourth Circuit case, *A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994 (4th Cir.1986). That opinion, while recognizing that the stay generally applies only as to a debtor, said that in "unusual circumstances" the court could extend the stay to non-bankrupt persons. *Id.* at 999. The court found such a circumstance where there was "such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Id.*

The holding is not applicable. The court recognized that "where the debtor and another are joint tortfeasors or where the nondebtor's liability rests upon his own breach of duty," an automatic stay "would clearly not extend to such nondebtor." *Id.,* quoting *In Re Metal Center,* 31 B.R. 458, 462 (D.Conn.1982).

The Debtor and the defendants in the present case are not so bound by statute or contract that the liability of the defendants is automatically imputed to the Debtor by operation of law. Moreover, as to those defendants who participated in looting the Debtor, there is no basis for any claim that

they are entitled to indemnity from it for any damage they deliberately did to it.

The court confirms that the action may proceed as against all defendants other than the Debtor. The court does not now rule on whether it has authority to direct the Debtor to furnish documents or to order that its employees submit to depositions. So ordered.