**In re ANJE JEWELRY CO., INC., d/b/a Ice & Nuggets, f/k/a J.A.B. Jewelry Ltd., Debtor.**

**Bankruptcy No. 883–30684–18.**

United States Bankruptcy Court, E.D. New York.

July 11, 1983.

Holland & Zinker, Smithtown, N.Y., for debtor.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

The debtor has moved pursuant to 11 U.S.C. § 105(a) for an order enjoining the continuation of a state suit pending against the president of the debtor corporation.

FACTS

On April 7, 1983, the debtor, Anje Jewelry Co., Inc., d/b/a Ice & Nuggets, filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The filing automatically stayed an action by Weinstock & Yaeger, Inc. against the debtor pending in the District Court of the County of Suffolk, State of New York. The filing of the petition did not, however, stay the action against the president of the debtor, who was named as an individual codefendant in the state court

action. In that action, Weinstock & Yaeger, Inc. is seeking the sum of $1,197 in payment for jewelry allegedly sold and delivered to the debtor. The complaint alleges that a check issued by the debtor and signed by its president, Jerri Bixon, had been dishonored due to insufficient funds, and that both defendants knew that there were insufficient funds in the account.

ISSUE

The questions to be decided are: (1) whether this court has the power to enjoin the continuation of a proceeding in state court against the president of the debtor, and (2) if so, whether such relief is warranted in the present case.

DISCUSSION

█ The automatic stay provisions of Section 362(a) of the Bankruptcy Code apply only to the debtor, and cannot be construed to apply to its co-defendants as well. *Matter of Johns-Manville Corporation*, 26 B.R. 405, 409, 9 B.C.D. 1403, 1405 (Bkrtcy. S.D.N.Y.1983); *In re Larmar Estates, Inc.*, 5 B.R. 328, 330, 6 B.C.D. 711, 712 (Bkrtcy.E.D.N.Y.1980); *In re Related Asbestos Cases*, 23 B.R. 523, 527, 9 B.C.D. 874, 876 (N.D.Cal.1982). Although the language of Section 362(a) indicates that the stay is applicable "to all entities," this has been interpreted by the courts to mean the debtor, the debtor's property or the debtor's estate. *In re Casgul of Nevada, Inc.*, 22 B.R. 65, 66, 6 C.B.C.2d 1351, 1353, 9 B.C.D. 449, 450 (Bkrtcy.App., 9th Cir.1982). Apparently this is consistent with the intent of the drafters of the Bankruptcy Code, since Section 1301 is the only provision in the Code where Congress expressly extended the automatic stay protection to non-debtor parties. *See* 11 U.S.C. § 1301, *Royal Truck & Trailer, Inc. v. Armadora Maritima Salvadorena, S.A.*, 10 B.R. 488 (N.D.Ill.1981).

The case of *Federal Life Insurance Company (Mutual) v. First Financial Group of Texas, Inc.*, (hereinafter *"First Financial"*), 3 B.R. 375, 2 C.B.C.2d 370 (S.D.Tex.1980), is the single exception to this rule and is the only case upon which the debtor relies. *First Financial* in-

volved a factual situation strikingly similar to the case at bar. The plaintiff's action to recover for alleged fraud and misrepresentation was automatically stayed by the filing of an involuntary petition against corporate defendant. The plaintiffs moved to sever the action and proceed against the corporate officer, through whom, they argued, the debtor accomplished its fraud and misrepresentation. The plaintiff's sole contention was that the severance was necessary to avoid the delay and prejudice which resulted from the imposition of the automatic stay. The court denied the plaintiff's motion to sever the action based on a broad interpretation of Section 362, and held that the allegations against the corporate defendant and its co-defendant/officer were "inextricably interwoven, presenting common questions of law and fact, which can be resolved in one proceeding." *Id.* 3 B.R. at 376. The court indicated that such a severance "would not be conducive to judicial economy and would unduly hinder the efforts of the bankruptcy court." *Id.* As appears from a footnote in *Matter of Johns-Manville, supra*, 26 B.R. at 413, n. 4, 9 B.C.D. 1408, n. 4 (Bkrtcy.S.D.N.Y. 1983), the bankruptcy court in *First Financial*, in an unreported decision, subsequently lifted the stay regarding the co-defendant and the district court proceeded with the litigation.

In the instant case, although the debtors urge the court to follow the lead of *First Financial*, they seek to invoke section 105 of the Code as the means of enabling the court to grant the injunctive relief unavailable to them under Section 362.

█ Section 105(a) of the Bankruptcy Code provides that "[t]he bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Code]." It is under Section 105 that the bankruptcy court is granted the power to stay proceedings not covered by the automatic stay provisions of 11 U.S.C. § 362(a). 2 Collier on Bankruptcy, ¶ 105.02 (15th ed. 1983). If the injunction is to be granted under section 105, it must protect the debtor's inter-

ests. As Judge Burton R. Lifland recognized in *Matter of Johns-Manville, supra,* 26 B.R. at 414–15, 9 B.C.D. at 1409, "section 105 does not have a life of its own and this extension may only be accomplished within the proper boundaries of Section 362."

 The court may issue a stay under section 105(a) only if the moving party satisfies the following test established by the Second Circuit for the issuance of a preliminary injunction:

(a) irreparable harm and (b) either

(1) likelihood of success on the merits or

(2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.

*In re Vantage Petroleum Corp.,* 25 B.R. 471, 477, 9 B.C.D. 1248, 1252 (Bkrtcy.E.D. N.Y.1982) (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d 70, 72 (2d Cir.1979); *see United States v. Siemens Corporation,* 621 F.2d 499, 505 (2d Cir. 1980); *Sperry International Trade, Inc. v. Government of Israel,* 670 F.2d 8, 11 (2d Cir.1982); *Friarton Estates Corp. v. City of New York,* 681 F.2d 150, 152 n. 2 (2d Cir.1982); *see generally,* Mulligan, *Forward-Preliminary Injunction in the Second Circuit,* 43 Brooklyn L.Rev. 831 (1977).

It is clear from the above test that "a preliminary injunction is an extraordinary and drastic remedy which should not be routinely granted except upon a clear showing that the movant has carried its heavy burden." *United States v. State of New York,* 552 F.Supp. 255, 261 (N.D.N.Y. 1982) (quoting *Buffalo Forge Company v. Ampco-Pittsburgh Corporation,* 638 F.2d 568, 569 (2d Cir.1981).

 One factor in discerning "irreparable harm" in a bankruptcy context is whether the action sought to be enjoined would so consume the time, energy and resources of the debtor that it would substantially hinder the debtor's reorganization effort. *See Matter of Johns-Manville,*

*supra* 26 B.R. at 419, 9 B.C.D. at 1412. However, the action at bar would appear to be relatively insignificant in terms of complexity and amount in dispute, and would not therefore interfere with the debtor's reorganization. In addition, the action against Ms. Bixon is not so "inextricably interwoven" with the affairs of the debtor as to warrant the granting of injunctive relief. There appears to be no compelling reason why the action, which alleges fraud on the part of Ms. Bixon, cannot be severed and tried by the state court.

In this case, the court has not been presented with any persuasive reason to grant an injunction. In essence, the debtor contends that the state court complaint fails to state a cause of action against Ms. Bixon. This court, however, will not under the circumstances usurp the authority of the state court to decide the adequacy of the pleadings.

In light of the foregoing, the debtor's motion is in all respects denied.