In re ALL SEASONS RESORTS,
INC., Debtor.

ALL SEASONS RESORTS, INC. a
Washington corporation, Plaintiff,

v.

George B. MILNER, Sr., Defendant.

Bankruptcy No. SA 87–00967 JR.
Adv. No. SA 87–0348.

United States Bankruptcy Court,
C.D. California.

Nov. 9, 1987.

Lobel, Winthrop & Broker, Irvine, Cal., for debtor and debtor-in-possession.

Latham & Watkins, Costa Mesa, Cal., and Klehr, Harrison, Harvey, Branzburg, Ellers & Weir, Philadelphia, Pa., for George B. Milner.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

### STATEMENT OF FACTS

On August 29, 1986, George B. Milner, Sr., defendant in this adversary proceeding, filed a complaint in the United States District Court for the Eastern District of Pennsylvania naming All Seasons Resorts, Inc., Raymond Novelli, Thomas McNamee, Michael Mooney and Timothy Ainge as defendants. In the complaint, Milner sought damages for breach of an employment agreement and payment of wages pursuant to the Pennsylvania Wage Payment and Collection Law, 43 P.A.Stat.Ann. § 260.1 et seq. (the "Wage Law").

On February 18, 1987, debtor filed this voluntary Chapter 11 case. As a result of the bankruptcy filing, the district court action was stayed as to debtor. The district court order provided that "This action is stayed as to defendant All Seasons Resorts, Inc., only. The action shall proceed as against the remaining defendants." Later, Milner dismissed his complaint against Ainge and Novelli for reasons unrelated to this proceeding. On June 8, 1987, Milner obtained a default judgment against Mooney and McNamee for $23,434.67.

On June 16, 1987, debtor filed in this court its motion for the issuance of a preliminary injunction to enjoin Milner from pursuing his action against the remaining defendants in the district court litigation. Evidently, debtor was unaware of the default judgment against Mooney and McNamee when it filed the motion. Later, debtor withdrew the request for a preliminary injunction as moot.

On August 14, 1987, debtor filed its Motion to Vacate Default Judgment and for Contempt and Sanctions for Violation of 11 U.S.C. § 362 (the "Motion"). In the Motion, debtor asked to have the default judgment obtained by Milner in the district court against Mooney and McNamee vacated and for sanctions against Milner for willful violations of § 362 of the Bankruptcy Code. I heard the matter on October 8, 1987 and took the matter under submission.

### JURISDICTION

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district) and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### DISCUSSION

The issue in this case is the scope of the automatic stay under § 362. Should it encompass officers and directors of a debtor corporation? Debtor argues that the of a default judgment against Mooney and McNamee was obtained in violation of the automatic stay. Debtor claims that §§ 362(a)(1) and (3) support its position.

Section 362(a)(1) provides that the filing of a petition in bankruptcy operates as a stay against all entities in any litigation affecting the debtor on a claim arising before the commencement of the case. According to debtor, courts have expanded the scope of the stay under certain circumstances to encompass a non-debtor co-defendant in a litigation involving the debtor. In support of this principle, debtor cites *In re A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir.1986); *Matter of Johns–Manville Corp.*, 26 B.R. 405, 410 (Bankr.S. D.N.Y.1983); and *Royal Truck and Trailer v. Armadora, ETC.*, 10 B.R. 488, 491 (D.C.N.D.Ill.1981). According to debtor, bankruptcy courts are likely to expand the scope of § 362(a)(1) when there is a close identity between the debtor and the third-party defendant.

In the *Robins* case, *supra*, the filing of the Chapter 11 petition stayed a host of suits against Robins for selling the defective Dalkon Shield device. A number of defendants sought to sever their actions against Robins and proceed against co-defendants. Robins responded by moving for a restraining order to stay the continuation of the litigations against its co-defendants. The district court held that all actions for damages that might be satisfied from proceeds of the debtor's liability insurance policy were subject to the stay pursuant to § 362(a)(3). The court further enjoined plaintiffs pursuant to § 362(a)(1) as supplemented by § 105.

On appeal the Fourth Circuit upheld the district court's ruling. In discussing § 362(a)(1), the Fourth Circuit affirmed the view that in unusual circumstances a bankruptcy court may properly stay proceedings against non-debtor co-defendants under § 362(a)(1). 788 F.2d at 999. The court stated that such a situation occurs when "there is such identity between the debtor and third-party defendant that the debtor may be said to be the real party defendant and that a judgment against a third-party defendant will in effect be a judgment or finding against the debtor." *Id.* As an illustration, the court described the situation of a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against the third-party in the case. The court concluded that "to refuse application of the statutory stay in that case would defeat the very purpose and intent of the statute." *Id.*

The Fourth Circuit in *Robins* also discussed § 362(a)(3) which stays any action, whether against a debtor or *third parties*, to obtain possession or exercise control over property of the debtor. Having found that debtor's insurance policies were property of the estate, the court held that "any action in which the judgment may diminish this 'important asset' is unquestionably subject to the stay under this subsection. *In re Johns–Manville Corp.*, 33 B.R. 254, 261 (Bankr.S.D.N.Y.1983)". 788 F.2d at 1001.

The court acknowledged that the statutory power of the bankruptcy court stay actions involving the debtor or its property is not limited to § 362(a)(1) and (3), but also encompasses § 105 which "empowers the bankruptcy court to enjoin parties other than the bankrupt from commencing or continuing litigation." *Id.* at 1002. The court then analyzed *Johns–Manville, supra,* and the legal conclusions therein. *Id.* at 1006. The key legal conclusion in *Johns–Manville* is as follows:

> Pursuant to § 105(a), the bankruptcy court may extend the automatic stay under § 362 of the Code to stay and enjoin proceedings or acts against non-debtors where such actions would interfere with, deplete or adversely affect property of Manville's estate. . . .

26 B.R. at 436.

It is clear to me that the Fourth Circuit in *Robins* agrees that the automatic stay under § 362 of the Code may be extended to cover non-debtors in special situations. However, to achieve this result, a debtor must proceed through § 105(a). In other words, the extension of § 362 does not occur automatically in this instance, but requires the filing of an appropriate adversary proceeding under § 105 and § 362 to achieve the desired result. This certainly appears to be the position taken by the

bankruptcy court in *Johns–Manville* and I believe the Fourth Circuit in *Robins* adopts the *Johns–Manville* approach.

Milner responds to debtor's § 362(a)(1) expansion argument by citing the recent Ninth Circuit case, *Ingersoll–Rand Financial Corp. v. Miller Min. Co.*, 817 F.2d 1424 (9th Cir.1987). Milner contends that *Ingersoll–Rand* is directly on point and forecloses any expansion of § 362(a)(1). In *Ingersoll–Rand*, debtor and its principal, a guarantor, filed an appeal on a deficiency judgment. The Ninth Circuit followed the decisions of other circuits in holding that the appeal by the debtor was stayed by the bankruptcy filing. *Id.* at 1426. Furthermore, it held that the stay did not extend to guarantor because "in the absence of special circumstances, stays pursuant to § 362(a) are limited to debtors and do not include non-bankrupt co-defendants." *Id.* at 1427. *Ingersoll–Rand* is not the categorical answer to debtor's § 362(a)(1) argument as Milner would have me believe. It stands for the proposition that § 362(a) generally applies only to debtors, but *in special circumstances* it may have a broader scope. I see nothing inconsistent between the holdings in *Ingersoll–Rand* and *Robins*. The court in *Robins* found special circumstances while the court in *Ingersoll–Rand* did not.

■ This is not a case of special circumstances. Although there is a closeness between debtor and co-defendants by reason of their officer and agent status and their right to indemnification pursuant to debtor's by-laws, the magnitude of the harm to debtor if no stay is in force does not approach the scope of the potential injuries besetting the debtors in *Robins* and *Johns–Manville*. I believe the court in those cases was particularly sensitive to the magnitude of the problems and the need to maintain the status quo and control over all the litigations which had the potential to destroy any reorganization plans. Such a threat is not evident here. Debtor seeks to unravel a default judgment against two of its officers. The balancing of harm in this proceeding is between the officers and Milner, not debtor. With his default judgment against McNamee and Mooney, Milner will likely be paid the full amount of his claim. They, in turn can seek indemnification from debtor, but their claim will be treated like any pre-petition, unsecured claim. In all likelihood, they will not get paid in full. See § 502(e). If McNamee and Mooney had defended the action, they might have been able to show cause (although unlikely) for some prospective relief pursuant to § 105 and § 362.

■ What debtor really wants is for me to undo what has already happened. As previously stated, I believe *Robins* and *Johns–Manville* stand for the proposition that a debtor can use a § 105(a) to expand the scope of the automatic stay to co-defendants in special circumstances. But, this proceeding does not qualify. Even if it did, debtor has not taken the appropriate steps to obtain such relief. It should have moved pursuant to § 105 and § 362 for expansion of the automatic stay. As previously discussed, the automatic stay does not *automatically* encompass co-defendants. A court must make that determination upon the request of the debtor.

■ With respect to debtor's contention that § 362(a)(3) applies because an indemnification agreement is analogous to an insurance policy and, therefore, constitutes property of the estate under § 541 of the Bankruptcy Code, I think the argument is creative but unconvincing. An insurance policy is an asset of the debtor because it reflects an obligation of a third party to pay certain obligations of debtor. To the extent a litigation involves a potential claim for payment on the debtor's insurance policy, the courts have held that the action falls within the scope of § 362(a)(3) (which operates to stay "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate"). The claim by Milner in the district court does not involve an insurance policy, but rather an indemnification right. The indemnification provision in debtor's corporate by-laws permits officers and certain other agents of debtor to seek reimbursement for the payment of claims and expenses arising out of the performance of their duties on behalf

of debtor. This is a right which these agents have. It is not a property interest of debtor. I fail to see the relationship being posed by debtor. Accordingly, § 362(a)(3) is not applicable to the facts at hand.

Debtor seeks sanctions for violation of § 362. Since I have held that § 362 is inapplicable, debtor's request for sanctions is denied.

■ Milner requests reimbursement of costs and attorney's fees. He contends that state law should determine whether attorney's fees are paid. In support of this argument he cites *In re Holiday Mobile Home Resorts*, 803 F.2d 977, 979 (9th Cir. 1986); and *In re Sparkman*, 703 F.2d 1097, 1099 (9th Cir.1983). In response, debtor contends that federal and not state law should govern the award of attorney's fees because the substantive issues raised in the Motion involve federal and not state law. Debtor cites *In re Johnson*, 756 F.2d 738 (9th Cir.1985), for this principle. In *Johnson*, the debtors filed an appeal from the district court's reversal of the bankruptcy court's order awarding them attorney's fees incurred in opposing a creditor's unsuccessful motion for relief from the automatic stay. The bankruptcy court awarded the attorney's fees based on California Civil Code § 1717. The district court reversed holding that § 1717 applies only to actions "on a contract" and since the request for relief was brought under § 362, federal law controlled. *Id.* at 740. The Ninth Circuit upheld the district court stating

> The Righettis' action, brought pursuant to 11 U.S.C. § 362(d), was predicated solely upon a federal statute and California state law was not applied to any of the substantive issues involved. Thus, the bankruptcy court should not have applied the state substantive law awarding attorney's fees in this case. It is true that the bankruptcy court has authority to apply either state substantive or federal substantive law, but the choice depends on the nature of the action involved.

*Id.* at 740, 741.

In *Holiday Mobile Home, supra,* the court held that state law governed the underlying action brought in the bankruptcy court to reopen a proceeding and, as such, the rule is that "the bankruptcy court will award fees to the same extent allowed under the governing state law." 803 F.2d at 979. Accordingly, the bankruptcy court erred in not awarding fees under Arizona law. A similar issue arose in *Sparkman, supra,* over the proceeding a contract dispute governed by state law. The court held that entitlement to attorney's fees "turns on the applicable state law". 703 F.2d at 1099.

Clearly, the issues raised by the Motion involve this court's interpretation of federal law as described in § 105 and § 362. As stated in *In re Johnson, supra,* "[i]n the absence of a federal statute to the contrary, federal courts follow the 'American Rule', under which attorney's fees are not recoverable by the prevailing litigant...." 756 F.2d at 741. Since there is no applicable provision in § 105 and § 362 for the payment of attorney's fees, Milner's request for attorney's fees is denied.

■ Milner also requests attorney's fees in the form of sanctions under Rule 9011 for the filing of a frivolous action. Milner bases his argument on the application of *Ingersoll–Rand, supra,* to the proceeding. As previously mentioned, Milner believes that *Ingersoll–Rand* is controlling. I take an opposite view. I think *Ingersoll–Rand* merely restates the rule of *Robins, supra,* and *Johns–Manville, supra.* Accordingly, Milner's request for attorney's fees pursuant to Rule 9011 is denied.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. The within memorandum opinion shall constitute my findings of fact and conclusions of law.