CYNTHIA HOLCOMB HALL, Circuit Judge.
 

 I
 

 Debtor-Appellee Holiday Mobile Home Resorts, Inc. (“Holiday Mobile”) filed an application in the bankruptcy court to reopen its bankruptcy proceeding. The bankruptcy court denied the motion and the district court affirmed. Appellants R. Dixon Wood and Don W. Heiple brought this action in the bankruptcy court to recover attorneys fees under an Arizona statute providing for fees to the prevailing party in a contract action.
 
 See
 
 Ariz.Rev.Stat. § 12-341.01. Although the bankruptcy court denied Holiday Mobile’s motion to reopen on the grounds that the action was precluded by the doctrine of res judicata, the appellants contend that the judgment was essentially one based upon the underlying promissory note and mortgage and that the bankruptcy court could not have decided the case on res judicata grounds without concluding that Holiday Mobile’s motion to reopen was based upon the note and mortgage. The bankruptcy court and the district court denied the motion for fees stating that no bankruptcy provision existed that would make the Arizona statute applicable. Appeal was timely, 28 U.S.C. § 158(d). We reverse.
 

 II
 

 The bankruptcy court determined that Holiday Mobile’s motion to reopen was barred by the doctrine of res judicata. Thus, that court concluded that the issues presented in the motion were identical to the issues presented to the Arizona state courts. Those issues were twofold: first, whether the note and mortgage fell within the scope of the original bankruptcy court order, and second, if not, whether the note and mortgage were invalid under Arizona law. As the bankruptcy court noted, these questions presented no issue of federal bankruptcy law.
 
 [1]
 

 
 *979
 
 We have held that when state law and not federal bankruptcy law provides the rule of decision in a contested matter, the bankruptcy court will award fees to the same extent allowed under the governing state law.
 
 See Merced Production Credit Association v. Sparkman (In re Sparkman),
 
 703 F.2d 1097, 1099-1100 (9th Cir.1983). Even though the bankruptcy court did not find any Bankruptcy Code provision authorizing the award of fees, the court should have awarded fees if an Arizona court would have awarded fees in an action barred by res judicata raising the same issues present in the motion to reopen.
 

 Ill
 

 Arizona law does not require that the underlying action supporting a request for fees under Ariz.Rev.Stat. 12-341.01 be styled as an action on the contract itself.
 
 See Lamb v. Arizona Country Club,
 
 124 Ariz. 32, 601 P.2d 1068 (App.1979) (prevailing party entitled to fees under statute even though action was styled as a suit to quiet title as opposed to an action on the contract). We have the benefit of knowing exactly how the Arizona courts would decide the fee question on the issues presented to the bankruptcy court because the Arizona courts awarded fees in this case.
 
 See Wood v. Holiday Mobile Home Resorts, Inc.,
 
 No. 1 CA-CIV 7029, slip op. (Ariz.App. Feb. 21, 1985). The fact that these issues were raised under the caption of a motion to reopen a bankruptcy proceeding is legally irrelevant.
 

 The Arizona statute has the effect of writing a fee provision into every contract. As such, the fee entitlement becomes a substantive property right of the parties to a bankruptcy proceeding. The Supreme Court has stated that property rights, created and defined by state law, are to be respected in bankruptcy absent express language in the Code to the contrary.
 
 See Butner v. United States,
 
 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). The bankruptcy court erred, therefore, in not awarding fees under Arizona law. On remand the district court and the bankruptcy court should award attorney’s fees to Wood and Heiple to the extent permitted under Arizona law.
 

 IV
 

 Under the Arizona statute, the prevailing party is also entitled to fees on appeal.
 
 See Wenk v. Horizon Moving & Storage Co.,
 
 131 Ariz. 131, 639 P.2d 321, 323 (1982). We have examined the affidavits supporting the appellants’ request for fees, and find the request to be a reasonable one. We therefore award fees in the amount of $16,515.00 under Ariz.Rev.Stat. 12-341.01 to Wood and Heiple as prevailing parties in this appeal.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . The Arizona courts decision concerning the validity of the note and mortgage presented a question of Arizona law. Their decisions relating to the scope of the original bankruptcy court order was a valid exercise of a state court’s power to construe the scope of a judgment issuing from another court.
 
 See Parsons Steel, Inc.
 
 v.
 
 First Alabama Bank,
 
 — U.S.-, 106 S.Ct. 768, 771-72, 88 L.Ed.2d 877 (1986);
 
 Marrese v. American Academy of Orthopaedic Surgeons,
 
 470 U.S. 373, 105 S.Ct. 1327, 1332, 84 L.Ed.2d 274 (1985).