992 F.2d 1219
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karl H. MORGAN, M.D. Plaintiff-Appellant,
v.
RADIOLOGY, LTD., an Arizona partnership; HCA Health
Services of Arizona, Inc., an Arizona corporation; Hospital
Corporation of America, a Tennessee corporation; Hospital
Corporation of Arizona, an Arizona corporation, d/b/a El
Dorado Hospital, Defendants-Appellees.
 No. 90-15326.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1993.
Decided April 9, 1993.
 
 Before GOODWIN, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 This case began as an antitrust suit brought by several radiologists in the Tuscon area against the dominant radiology group in the city as well as several Tuscon hospitals. The complaint included federal as well as state antitrust claims. The district court granted the defendants' motion for summary judgment on all counts of the plaintiffs' complaint except for the plaintiffs' attempt to monopolize claim. This court affirmed the grant of summary judgment in Morgan, Strand, Wheeler & Biggs v. Radiology Ltd., 924 F.2d 1484 (9th Cir.1991). Later, the district court granted the defendants' motion for summary judgment as to the attempt to monopolize claim. The court also awarded the defendants their attorney's fees under Ariz.Rev.Stat. (hereinafter A.R.S.) § 12-341.01(a). The plaintiffs filed a timely notice of appeal.
 
 
 3
 Originally, all the plaintiffs appealed the district court's judgment, but recently every plaintiff except Dr. Karl Morgan settled with the defendants. We accepted the stipulation dismissing these plaintiffs.
 
 
 4
 Morgan has chosen to abandon his attempt to monopolize claim. We dismiss the claim for want of prosecution. The question of fees remains.
 
 ANALYSIS
 
 5
 Arizona courts review the decision to award or deny fees under A.R.S. § 12-341.01(A) for an abuse of discretion. Schwartz v. Farmers Ins. Co., 800 P.2d 20, 25 (Ariz.Ct.App.1990). In this case, the district court did not have discretion to award the defendants their fees.
 
 
 6
 Section 12-341.01(A) of the Arizona Revised Statutes reads,
 
 
 7
 In any action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees. This section shall in no manner be construed as altering, prohibiting, or restricting present or future contracts or statutes that may provide for attorney's fees.
 
 
 8
 In ruling on the defendants' request for attorney's fees, the district court said,
 
 
 9
 In considering the problem of a claim for attorneys fees under § 12-341.01, the Ninth Circuit has stated that Arizona law does not require that the case be a contract action. Holiday Mobile Home Resorts v. Wood, 803 F.2d 977, 979 (9th Cir.1986). Since the plaintiffs' claims resulted from the exclusive contracts which Radiology Ltd. negotiated, the Court finds that the defendants in this case are entitled to attorneys' fees.
 
 
 10
 The statement from Holiday Mobile Home Resorts is irrelevant to this case. That case involved a bankruptcy proceeding in which the bankruptcy court denied a creditor its fees simply because the creditor sought them in a bankruptcy proceeding rather than in a suit for breach of contract. Holiday Mobile Home Resorts, 803 F.2d at 978. This court reversed, holding that § 12-341.01(A) did not require parties to style their suits "an action on the contract." So long as the action arose out of a contract between the parties, fees may be awarded.
 
 
 11
 The antitrust suit here is not an action arising out of a contract. The Arizona Supreme Court has rejected the argument that "arising out of a contract" means "any action in which a contract was a factor in causing the dispute.... [A]ttorney's fees are not appropriate based on the mere existence of a contract somewhere in the transaction." See Marcus v. Fox, 723 P.2d 683, 684 (Ariz.1986). Furthermore, in an action for damages for fraud, the Arizona Supreme Court rejected a request for fees under § 12-341.01(A) when "the parties to the litigation are not the parties to the contract, and there is no contention, as between them, that the contract is invalid." Morris v. Achen Construction Co., 747 P.2d 1211, 1213 (Ariz.1987). Morgan was not a party to the allegedly anti-competitive contracts between Radiology Ltd. and the Tuscon hospitals, and there is no contention, as between them, that the contracts are invalid. Lastly, the Arizona Supreme Court has held that fees under § 12-341.01(A) are not available when a lawsuit arises out of a duty imposed by law, not contract. Barmat v. John and Jane Doe Partners A-D, 747 P.2d 1218, 1222 (Ariz.1987); Bar J Bar Cattle Co. v. Pace, 763 P.2d 545, 550 (Ariz.Ct.App.1988). The duty not to engage in conduct that violates the antitrust laws arises out of the antitrust laws, not out of contract. Consequently, the defendants in this case are not entitled to their fees.
 
 
 12
 We REVERSE the award of attorneys fees.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3