145 F.3d 1340
 2 Cal. Bankr. Ct. Rep. 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Alan Ross ROTHERY, Debtor.
Weneta M.A. Kosmala, Trustee, Appellant,
v.
Ceresa Rothery; George W. Rothery; Carol Rothery, Appellees.
In re Alan Ross Rothery, Debtor.
Michael Leight; Ceresa Rothery, Appellants,
v.
Richard A. Marshack, Trustee, Appellee.
 Nos. 96-56397, 96-56471.
BAP No. CC-95-02191-VHMo.
 United States Court of Appeals, Ninth Circuit.
 Argued April 6, 1998.
Submitted April 13, 1998.
Decided May 1, 1998.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel, Volinn, Hagan and Montali, Judges, Presiding.
 Before FARRIS, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Trustee Weneta Kosmala appeals the Bankruptcy Appellate Panel's reversal of an award of attorney's fees in a fraudulent transfer action. In a consolidated appeal, Ceresa Rothery and her attorney Michael Leight appeal the BAP's affirmance of an order compelling Rothery to attend a Rule 69 deposition and imposing $3830.00 in sanctions. Kosmala requests sanctions under Fed.R.App.P. 38 in connection with the appeal of the discovery order.
 
 I. ATTORNEY'S FEES
 
 3
 The court independently reviews the bankruptcy court's rulings on appeal from the BAP. Havelock v. Taxel (In re Pace), 67 F.3d 187, 191 (9th Cir.1995). The court reviews the bankruptcy court's award of fees for abuse of discretion or an erroneous application of the law. Feder v. Lazar (In re Lazar), 83 F.3d 306, 308 (9th Cir .1996).
 
 
 4
 The bankruptcy court applied state law for the rule of decision on the merits. California law therefore governs the award of attorney's fees. Holiday Mobile Home Resorts v. Wood, 803 F.2d 977, 979 (9th Cir.1986). Fees were proper if California courts would have awarded them. Id.
 
 
 5
 Kosmala contends that Cal.Civ.Code § 1717 gives her a reciprocal right to attorney's fees based on the fee provision in the transfer to Alan Rothery's parents. She claims, and the bankruptcy court found, that her fraudulent transfer action was equivalent to those cases in which fee awards were based on a contract claim for recision due to fraud. Ford v. Baroff (In re Baroff), 105 F.3d 439, 443 (9th Cir.1997); Star Pacific Investments Inc. v. Oro Hills Ranch, Inc., 121 Cal.App.3d 447, 459-60, 176 Cal.Rptr. 546 (1981). We reject the argument.
 
 
 6
 The title of the cause of action is of secondary importance to the nature of the parties' assertions in applying § 1717(a). In re Baroff, 105 F.3d at 443. Kosmala's action is not founded upon contract principles.
 
 
 7
 General'ly, California law allows rescission "if the consent of the party rescinding ... was given by mistake, or obtained through duress, menace, fraud, or undue influence exercised by or with the connivance of the party as to whom he rescinds...." Cal .Civ.Code § 1689(b)(1). The BAP properly concluded that an action under California's fraudulent transfer act does not fit within this provision. Any concern with actual fraud focuses on the intent of the transferor, not the transferee. See Cal.Civ.Code § 3439.04. There need not be any fraudulent intent at all to avoid the transfer. Cal.Civ.Code § 3439.04. Nor do the facts implicate contract principles. The bankruptcy Court found that Mr. Rothery's transfer was made with fraudulent intent. Neither the creditors nor Mr. Rothery could have sued for rescission of the contract based on his own fraudulent intent. Thus, while Kosmala's action for fraudulent conveyance may affect a contract, it is not technically an action on the contract. Cf. In re Consolidated Capital Equities Corp., 143 B.R. 80, 84 (Bankr.N.D.Tex.1992) (finding that a contract choice of law provision does not govern in a fraudulent conveyance action).
 
 
 8
 We also reject Kosmala's contentions that a fee award is proper under § 1717(a) since Mr. Rothery's parents would have been entitled to an award had they prevailed. A prevailing defendant may recover fees against a nonsignatory plaintiff only if the nonsignatory plaintiff would have been entitled to fees. See Real Property Services Corp. v. City of Pasadena, 25 Cal.App.4th 375, 379-382, 30 Cal.Rptr.2d 536 (1994) (summarizing the cases involving a nonsignatory plaintiff or defendant). Kosmala cannot claim attorney's fees because her action is not "on the contract." This action is not on the contract. We therefore need not address whether the equities do or do not favor a discretionary award under § 1717(a).
 
 
 9
 Kosmala also argued that fees were proper under California's tort of another theory. The argument is that both the Rotherys and the parents were collectively involved in a fraud and, but for that fraud, this action would have been unnecessary. However, California law does not permit a plaintiff to justify attorney's fees by singling out one joint tortfeasor and claiming that her actions caused a suit against the other joint tortfeasor. Vacco Indus., Inc. v. Van Den Berg, 5 Cal.App.4th 34, 56-57, 6 Cal.Rptr.2d 602 (1992). Otherwise, the tort of another exception would swallow the American Rule. Id. It was error to award attorney's fees.
 
 II. DEPOSITION AND SANCTIONS
 
 10
 The bankruptcy court's decisions to compel discovery and to impose sanctions under Fed.R.Civ.P. 37 are reviewed for abuse of discretion. Smith v. Hughes Aircraft Co., 22 F.3d 1432, 1441 (9th Cir.1994) (review of denial of motion to compel); Henry v. Gill Indus., Inc., 983 F.2d 943, 946 (9th Cir.1993) (sanctions).
 
 
 11
 Ms. Rothery and Leight claim that the bankruptcy court abused its discretion in granting the motion to compel despite the provisions of Fed.R.Civ.P. 30(a)(2)(B). Under the rule, a person may not be deposed more than one time in any action without obtaining leave of court. Fed.R.Civ.P. 30(a)(2)(B). Ms. Rothery and Leight contend that this rule applies to Kosmala's attempts at discovery under Fed.R.Civ .P. 69(a).
 
 
 12
 We need not decide whether Fed.R.Civ.P. 30(a)(2)(B) applies to supplemental proceedings. Ms. Rothery's repeated refusal to comply with prior orders or to pay amounts awarded against her provided a proper basis for the bankruptcy court to compel a supplemental deposition. To the limited extent that any of Ms. Rothery's and Leight's remaining contentions find support in the record, the same rationale applies.
 
 
 13
 We are also satisfied that the bankruptcy court did not abuse its discretion by imposing sanctions under Fed.R.Civ.P. 37(d). Focusing on the justification for the failure to appear, as Fed.R.Civ.P. 37(d) requires, we conclude that an unreasonable claim of safety concerns did not suffice to justify Ms. Rothery's absence. We cannot conclude on this record that the amount of expenses awarded were unreasonable. Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir .1994).
 
 
 14
 III. REQUEST FOR SANCTIONS UNDER FED.R.APP.P. 38
 
 
 15
 In connection with the appeal of the discovery order, Kosmala requests sanctions under Fed.R.App.P. 38. Rule 38 provides that a court may award "just damages and single or double costs to the appellee" if an appeal is found to be frivolous. Fed.R.App.P. 38. An appeal is frivolous "when the result is obvious or the appellants' arguments are wholly without merit." Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir.1991).
 
 
 16
 While the personal attacks on the bankruptcy judge and citation to improper authority raise professionalism concerns, we do not conclude that the appeal warrants sanctions.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3