**REALMARK INVESTMENT COMPANY, Plaintiff,**

v.

**AMERICAN FINANCIAL CORPORATION, Defendant.**

**Civ. No. 1:93–CV–1130–JEC.**

United States District Court, N.D. Georgia, Atlanta Division.

Aug. 9, 1994.

Morris W. Macey, Macey, Wilensky, Cohen, Wittner & Kessler, Atlanta, GA, for plaintiff.

Kevin A. Ross, Alan M. Wolper, Kenneth D. Sisk, Hunton & Williams, Atlanta, GA, and Peter M. Fishbein and Jonathan L. Hochman, Kaye, Scholer, Fierman, Hayes & Handler, New York City, for defendant.

## ORDER

CARNES, District Judge.

This case is presently before the Court on defendant's motion to dismiss [# 3]. The Court has reviewed the record and the arguments of the parties and, for the reasons set forth below, grants defendant's *motion to dismiss.*

## BACKGROUND

Plaintiff Realmark Investment Co. ("Realmark") is the owner of 12¾% Convertible Subordinated Debentures, due October 15, 1997, issued by The Circle K Corporation ("Circle K"). On May 15, 1990, Circle K and twenty-three of its affiliates filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101–1174 (1988), in the United States District Court for the District of Arizona. Defendant American Financial Corporation ("AFC") is an Ohio corporation. In its complaint, plaintiff Realmark alleges that defendant AFC was the alter ego of Circle K and that the corporate veil between AFC and Circle K should be pierced.

Defendant AFC has moved to dismiss plaintiff Realmark's complaint. Defendant contends that plaintiff does not have standing to bring the complaint and that the complaint is barred by the automatic stay provision in section 362(a)(3) of the Bankruptcy Code, 11 U.S.C. § 362(a)(3).[1] Plaintiff maintains that it has standing to raise the claim.

---

**1.** Defendant asserts that the Court should dismiss the claim under *Federal Rule of Civil Procedure*

## DISCUSSION

The parties agree on the "analytical framework" that should apply to this case. Plaintiff states in its response brief that it acknowledges:

(1) A federal district court must look to the forum state's conflict of law rules to determine which state's ... law governs a veil-piercing claim sought to be brought by a creditor of a corporation in bankruptcy proceedings outside the bankruptcy court.

(2) If that ... law would have allowed the debtor corporation to assert such a claim against a controlling stockholder to pierce its own corporate veil prior to the bankruptcy filing, then the claim is the "property of the estate" under section 541(a) of the Bankruptcy Code.

(3) If the claim is property of the estate, then only the debtor-in-possession or a bankruptcy trustee may assert it; individual creditors such as Realmark have no standing to do so.

(4) If only the debtor-in-possession or a bankruptcy trustee may assert the cause of action, the automatic stay provision stays this action.

(Pl.'s Resp. to Def.'s Mot. to Dismiss Compl. and Mem. in Supp. of Same, p. 9–10); (Def.'s Mem. of Law in Supp. of Def.'s Mot. to Dismiss the Compl., p. 3–4).

### A. Choice of Law

■ Whether a veil-piercing claim is the property of the debtor in bankruptcy is a question of state law. *Steyr–Daimler–Puch of Am. Corp. v. Pappas*, 852 F.2d 132, 135 (4th Cir.1988); *Koch Refining v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339, 1343 (7th Cir.1987). In a diversity case, the District Court must determine the applicable state law by looking to the conflict of laws rules that the forum state would apply. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941).

■ Defendant admits that the Georgia courts have not directly addressed the issue of which state's law should apply to veil-piercing claims. Because no controlling precedent exists, the Court must decide the conflict of law issue as it believes the Georgia Supreme Court would decide it. *Wammock v. Celotex Corp.*, 835 F.2d 818 (11th Cir. 1988). For guidance, the Court may consider Restatements of Law, treatises, law review commentaries, decisions from other jurisdictions whose doctrinal approach is substantially the same, and the majority view of the other states. CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, 19 FEDERAL PRACTICE AND PROCEDURE § 4507 (1982).

■ Defendant contends that the Georgia Supreme Court would apply the proposition followed by the Restatement (Second) of Conflict of Laws where it provides:

The local law of the state of incorporation will be applied to determine the existence and extent of a shareholder's liability to the corporation for assessments or contributions and to its creditors for corporate debts.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 307 (1971). Defendant additionally cites Fletcher Encyclopedia of the Law of Private Corporations, which provides that "the liability of a stockholder for corporate debts and the extent and character of that liability are to be determined by the law of the state under which the corporation was created." 17 CHARLES R.P. KEATING & LENORE M. ZAJDEL, FLETCHER ENCYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS, § 8326 (1987). Because Circle K's state of incorporation is Texas, defendant maintains that Texas law should apply to questions of piercing the corporate veil. Plaintiff, on the other hand, claims that Georgia law should apply.

Defendant contends that because the Georgia Supreme Court has followed the Restatement of Conflict of Laws in the corporations context previously, it will likely follow the Restatement here. In *Diedrich v. Miller &*

---

12(b)(6). The Court should deny a motion to dismiss for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts that would entitle him to relief. The allegations in plaintiff's complaint must be taken as true for purposes of the motion to dismiss. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.), *cert. denied* — U.S. ——, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991).

*Meier & Assocs.*, 254 Ga. 734, 334 S.E.2d 308 (1985), the Georgia Supreme Court held that the law of the state of incorporation would be applied to "internal affairs" of the corporation and the trial court had correctly applied Wisconsin law to determine whether the plaintiff could bring a claim for wrongful appropriation of a business opportunity. *Id.* at 735, 334 S.E.2d 308. The court cited the Georgia statute O.C.G.A. § 14–2–310 that provides nothing in the Georgia Business Corporations chapter "shall be construed to authorize this state to regulate the organization or the internal affairs of [a foreign] corporation". *Id.* (citing, O.C.G.A. § 14–2–310). The court further noted that the Restatement (Second) of Conflict of Laws describes internal affairs of a corporation as "... involved whenever the issue concerns the relations inter se of the corporation, its shareholder, directors, officers or agents ..." *Id.* (citing, RESTATEMENT 2D CONFLICT OF LAWS § 313 comment (a)).

█ Because the Georgia Supreme Court followed the Restatement of Conflict of Laws in a similar corporations setting, defendant contends that it would apply the Restatement in this case and hold that the law of the state of incorporation would apply to alter ego claims. Plaintiff has cited no cases indicating that the Georgia Supreme Court would disregard the Restatement in determining which state law would apply. Accordingly, it appears to the Court that the Georgia Supreme Court would follow the Restatement, and the Court holds that the state of incorporation's law applies to issues of piercing the corporate veil. Because Circle K is incorporated in Texas, Texas law applies.

█ Moreover, the specific state law issue the Court must determine is whether the claim for piercing the corporate veil is property of the bankruptcy estate. If the pertinent state law allows the debtor corporation to assert such a claim against a controlling shareholder to pierce its own corporate veil, the claim is property of the estate. (*See* Pl.'s Resp. to Def.'s Mot. to Dismiss Compl. and Mem. in Supp. of Same, p. 9–10; Def.'s Mem. of Law in Supp. of Def.'s Mot. to Dismiss the Compl., p. 3–4). Whether a corporation may pierce its own veil against a shareholder appears to be an internal matter, as it concerns the relationship between the shareholders and the corporation. *See Diedrich*, 254 Ga. at 735, 334 S.E.2d 308. Thus, under Georgia's internal affairs doctrine, the law of the state of incorporation would apply.[2] Accordingly, under the internal affairs doctrine as well, the Court must apply Texas law.

## B. *Plaintiff's Claims under Texas Law*

█ Under Texas law, a corporation may pierce its own corporate veil. *In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1152 (5th Cir.1987). A trustee in bankruptcy or a debtor-in-possession may bring actions on behalf of the estate that would otherwise be available to the debtor outside of bankruptcy. *Feltman v. Prudential Bache Secs.*, 122 B.R. 466, 472 (S.D.Fla.1990). Because the debtor may bring its own alter ego claim, the alter ego claim is property of the bankruptcy estate. *In re S.I. Acquisition*, 817 F.2d at 1153. Accordingly, the automatic stay of section 362(a)(3) applies to plaintiff Realmark's action. *Id.*

█ Plaintiff argues that the Court should look to the Eleventh Circuit opinion in *E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979 (11th Cir.1990) and hold that the trustee would not have standing to assert the alter ego claim. Under Texas law, however, the trustee or debtor-in-possession may assert the alter ego claim, as it is property of the bankruptcy estate. Moreover, in *Hadley*, the Eleventh Circuit held that a bankruptcy trustee did not have standing to bring a suit on behalf of only a specific group of creditors. Here, however, the claim for alter ego

---

2. Plaintiff alleges that applying Texas law would be against Georgia public policy because the Georgia Code provides that a foreign corporation has the same duties, penalties and liabilities as a domestic corporation. O.C.G.A. § 14–2–1505(b) (1989). Section 14–2–1505(c), however, provides that the Code "does not authorize this state to regulate the organization or internal affairs of a foreign corporation". O.C.G.A. § 14–2–505(c) (1989). In light of subsection (c), the Court holds that applying Texas law is not against the public policy of Georgia where an internal affair is at issue.

is itself property of the estate under Texas law. *See Feltman,* 122 B.R. at 472. Thus, the trustee has exclusive standing to assert the claim, and plaintiff Realmark is barred by the automatic stay.

In a nearly identical claim by a different creditor against defendant AFC, resulting from the same bankruptcy of Circle K, the Second Circuit addressed a creditors' claims under Texas law. *Kalb, Voorhis & Co. v. American Fin. Corp.,* 8 F.3d 130 (2d Cir. 1993). The Second Circuit noted that under Texas law, a corporation may pierce its own corporate veil, and its alter ego claim is property of the bankruptcy estate. The Second Circuit held, therefore, that the debtor-in-possession or the trustee had exclusive standing to bring the alter ego claims and the automatic stay barred plaintiff's claims. *Kalb, Voorhis & Co.,* 8 F.3d at 133 (citing *In re S.I. Acquisition, Inc.,* 817 F.2d at 1152–53). Accordingly, the Court grants defendant's motion to dismiss on the grounds that plaintiff does not have standing to assert the claim and is barred by the automatic stay.

### CONCLUSION

For the foregoing reasons, the Court grants defendant's motion to dismiss [# 3].

SO ORDERED.