**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-30496 |
| Plaintiff - Appellee, | D.C. No. CR-07-00056-JWS |
| v. | |
| PETER KOTT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted October 6, 2010
Seattle, Washington

Before: B. FLETCHER, TASHIMA, and THOMAS, Circuit Judges.

Defendant Peter Kott appeals the district court's denial of his motion to

vacate his conviction and dismiss the indictment on the basis of alleged violations

of *Brady v. Maryland*, 373 U.S. 83 (1963).  Because the factual and procedural

background is familiar to the parties, we need not recount it here.  We conclude

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36-3.

that the newly-disclosed information, when viewed collectively, is material and that the prosecution violated *Brady* by failing to disclose it. Accordingly, we vacate Kott's conviction and remand to the district court for a new trial.

I

For newly-disclosed evidence to constitute a *Brady* violation: "(1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued." *United States v. Williams*, 547 F.3d 1187, 1202 (9th Cir. 2008) (citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)) (alterations and internal citation marks omitted). There is no doubt, as the district court properly held, that the prosecution suppressed evidence favorable to the defense. Our inquiry therefore turns on the third prong. Evidence is prejudicial "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). However, a reasonable probability may be found "even where the remaining evidence would have been sufficient to convict the defendant." *Jackson v. Brown*, 513 F.3d 1057, 1071 (9th Cir. 2008).

For the reasons stated in *United States v. Kohring*, No. 08-30170, 2011 WL 833263 (9th Cir. March 11, 2010), we respectfully disagree with the district court's finding that the new evidence was not prejudicial. Specifically, the newly-disclosed evidence of Anchorage Police Department files suggesting that key prosecution witness Bill Allen sexually exploited minors, and attempted to conceal that behavior by soliciting perjury, would have been admissable and was not needlessly cumulative. Such evidence could have been used, at a minimum, on cross-examination to impeach Allen's testimony. *See Silva v. Brown*, 416 F.3d 980, 987 (9th Cir. 2005) ("Impeachment evidence is especially likely to be material when it impugns the testimony of a witness who is critical to the prosecution's case."). Additionally, the newly-disclosed evidence documents numerous prior inconsistent statements about the payments Kott allegedly received and the reasons for such payments. Much of the evidence was not cumulative of what was presented at trial, and could have been used to undermine Allen's credibility while bolstering Kott's.

When viewed "collectively," *Jackson*, 513 F.3d at 1076, we hold that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different," *Bagley*, 473 U.S. at 682. However, because we do not have sufficient evidence to conclude the prosecution

3

"acted flagrantly, willfully, [or] in bad faith," we do not exercise our supervisory authority to dismiss the indictment. *United States v. Chapman*, 524 F.3d 1073, 1084-85 (9th Cir. 2008). Instead, being unconvinced that we should do otherwise, we follow our previous case law that, "the appropriate remedy will usually be a new trial." *Id*. at 1086.

Kott's conviction is vacated, and this matter is remanded to the district court for a new trial. We need not, and do not, reach any other issue urged by the parties on appeal.

**VACATED and REMANDED.**

*United States v. Kott*, 07-30496

Judge B. Fletcher, concurring in part and dissenting in part:

I concur in the majority's memorandum to the extent it establishes that the prosecution suppressed evidence favorable to the defense in violation of *Brady* and *Giglio* and that the suppression prejudiced Kott. I respectfully dissent, however, from the majority's conclusion that there is insufficient evidence that the prosecution "acted flagrantly, wilfully, or in bad faith," *United States v. Chapman*, 524 F.3d 1073, 1085 (9th Cir. 2008), such that the exercise of this court's supervisory authority to dismiss the indictment is not warranted.

The principles guiding the exercise of this court's supervisory powers are set forth in my dissent in *United States v. Kohring*, No. 08-30170. One of those principles instructs that, "[i]n determining the proper remedy [for prosecutorial misconduct], we must consider the government's willfulness in committing the misconduct and its willingness to own up to it." *Chapman*, 524 F.3d at 1087, quoting *United States v. Kojayan*, 8 F.3d 131, 1318 (9th Cir. 1993).

I am deeply troubled by the government's lack of contrition in this case. Despite their assurances that they take this matter seriously, the government attorneys have attempted to minimize the extent and seriousness of the

1

prosecutorial misconduct and even assert that Kott received a fair trial—despite the government's failure to disclose thousands of pages that reveal, in part, prior inconsistent statements by the government's star witnesses, Bill Allen and Rick Smith, regarding the payments Kott allegedly received. The undisclosed pages also reveal an ongoing investigation of Allen for sexual exploitation of minors and his attempts to suborn perjurious testimony from one of the minors, and information regarding Smith's questionable mental health around the time of Kott's trial.

The government's stance on appeal leads me to conclude that it still has failed to fully grasp the egregiousness of its misconduct, as well as the importance of its constitutionally imposed discovery obligations. Because a new trial, in my view, is insufficient to remedy the violation of Kott's constitutional right to a fair trial and to deter future illegal conduct, I would exercise our supervisory authority to dismiss the indictment with prejudice.