Ahmed v. Barr

BIA
Poczter, IJ
A099 396 158

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of July, two thousand nineteen.

PRESENT:
>       DENNIS JACOBS,
>       RAYMOND J. LOHIER, JR.,
>       RICHARD J. SULLIVAN,
>           *Circuit Judges.*

_____

MUNIR AHMED,
>       *Petitioner,*

>       v.                                                17-2830
>                                                         NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Richard W. Chen, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; Nancy Friedman, Senior Litigation Counsel; Kevin J. Conway, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Munir Ahmed, a native and citizen of Pakistan, seeks review of an August 18, 2017, decision of the BIA affirming a November 28, 2016, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Munir Ahmed,* No. A099 396 158 (B.I.A. Aug. 18, 2017), *aff'g* No. A099 396 158 (Immig. Ct. N.Y. City Nov. 28, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on ... the consistency between the applicant's . . . written and

2

oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. The adverse credibility determination is supported by substantial evidence.

Ahmed asserted that in 2011, the terrorist group Lashkar-e-Taiba stalked, threatened, and beat him, and later fired guns at his house, all because they overheard him praising the United States. The agency reasonably relied on inconsistencies between Ahmed's testimony and his documentary evidence concerning what weapons his attackers were carrying when they beat him and when his wife and children left Pakistan. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As the agency found, Ahmed testified that he was attacked with a knife and saw no other weapons, but he submitted a police report that

3

listed himself as the "applicant" or "informant" and reflected that he told the police that he saw men approach his home "armed with fire weapons." And he testified that his wife and Children left Pakistan in August 2012, but he could not explain why his wife's statement in support of his application was attested to in Pakistan the next month. The agency was not required to accept Ahmed's explanations that the police report may have reflected a statement his brother made or that he may have forgotten when his wife and children left Pakistan. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably relied on the fact that Ahmed's application omitted his allegation that Lashkar-e-Taiba members followed his daughter after he left Pakistan. *See Ming Zhang v. Holder*, 585 F.3d 715, 726 (2d Cir. 2009) (holding that the agency may "draw an adverse inference about petitioner's credibility based, *inter alia*, on h[is] failure to mention" important details or events in prior statements).

4

Although we have cautioned the agency about relying too heavily on minor omissions, we find no error here because the information concerned the only evidence of an ongoing threat to Ahmed and his family by Lashkar-e-Taiba and the agency did not err in considering it in combination with the other inconsistencies. *See Hong Fei Gao*, 891 F.3d at 78, 82 (holding that "probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose" and that "[o]missions need not go to the heart of a claim to be considered in adverse credibility determinations, but they must still be weighed in light of the totality of the circumstances and in the context of the record as a whole").

Further, the agency did not err in finding the Ahmed's credibility as a whole was undermined by his filing of a false application for amnesty in 2006 and using that false application to obtain advance parole to visit Pakistan in 2011. *Cf. Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the petitioner."). Although false statements may be excused if they are made to escape

5

persecution, Ahmed did not allege that he was in danger in Pakistan at the time of the amnesty application. *See Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir. 2006) ("distinguish[ing] . . . between the presentation of a fraudulent document in immigration court in support of an asylum application and the use of a fraudulent document to escape immediate danger or imminent persecution"—the latter category being an unreasonable basis to doubt the applicant's credibility).

Having questioned Ahmed's credibility, the agency reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency did not err in declining to afford significant weight to the statements from Ahmed's wife and brother because they were interested witnesses who were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight

6

to spouse's letter because it was unsworn and from an interested witness); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (finding that unsworn letters from alien's friends and family were insufficient to provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012). Moreover, as discussed above, those documents and one of the police reports either conflicted with Ahmed's testimony or did not contain information to corroborate his statements. *See Y.C.*, 741 F.3d at 334 ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence.").

The remainder of Ahmed's documentary evidence does not rehabilitate his claim. The medical documentation, though not explicitly considered by the IJ, confirms that Ahmed has a scar compatible with a knife wound, but does not otherwise corroborate his claim that he was attacked in 2011 by members of a terrorist group on account of his pro-American views. Moreover, the country conditions evidence is generalized and does not establish that Lashkar-e-Taiba targets returning Pakistani nationals who have pro-American views; rather, the

record reflects that the group engages in mass violence that broadly affects both Pakistan and India. Ahmed claims that a newspaper article allegedly covering his attack corroborates his claim, but the article is undated and appears to be based solely on Ahmed's own statements.

Given the multiple inconsistencies and the lack of reliable and independent corroboration, the adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66. That determination is dispositive of asylum, withholding of removal, and CAT protection because all three claims for relief are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

8

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe
                              Clerk of Court