Akter v. Barr

BIA
Poczter, IJ
A206 297 955/956

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand nineteen.

PRESENT:
> DENNY CHIN,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

MOKSENA AKTER, MOHAMMAD SAIDUR RAHMAN,
> *Petitioners,*

> v.                                          17-3935
>                                             NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:      Amy Nussbaum Gell, Gell & Gell, New York, NY.

FOR RESPONDENT:       Joseph H. Hunt, Assistant Attorney General; Song Park, Senior Litigation Counsel; Surell Brady, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED IN PART and DENIED IN PART.

Petitioners Moksena Akter and Mohammad Saidur Rahman, natives and citizens of Bangladesh, seek review of a November 9, 2017, decision of the BIA affirming a March 1, 2017, decision of an Immigration Judge ("IJ") denying Akter's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Moksena Akter, Mohammad Saidur Rahman,* No. A 206 297 955/956 (B.I.A. Nov. 9, 2017), *aff'g* No. A 206 297 955/956 (Immig. Ct. N.Y. City Mar. 1, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

First, we decline to remand based on intervening caselaw, as requested by Akter. The decision cited by Akter is not relevant to her case because Akter did not identify a new

2

group on appeal. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191-93 (BIA 2018).

Asylum and Withholding of Removal

To establish eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *id.* § 1231(b)(3)(A); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (BIA 2010). Asylum or withholding "may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks omitted). An applicant "must provide *some* evidence of [a persecutor's motives], direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 291 (2d Cir. 2007). To demonstrate that past persecution or a well-founded fear of future persecution is on account of political opinion, the applicant must "show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises

3

from the *applicant's* political belief," rather than merely by the persecutor's *own* opinion. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (emphasis added). The persecution may be on account of an opinion imputed to the applicant by the persecutor, regardless of whether this imputation is accurate. *See Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir. 2005).

Substantial evidence supports the IJ's determination that Akter failed to demonstrate that she was harmed by her teacher or a man named Sumon on account of a protected ground. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282-83 (2d Cir. 2006) (applying substantial evidence standard to nexus determination). There is no direct or circumstantial evidence that Akter's teacher or Sumon were motivated to harm her on account of her proposed social groups. The evidence, instead, supports the IJ's conclusion that Sumon and Akter's teacher targeted Akter because they were attracted to her.

Substantial evidence also supports the agency's determination that Akter was not harmed by Awami League ("AL") members on account of an imputed political opinion or membership in her proposed social groups. Based on Akter's testimony, the IJ reasonably concluded that the AL members' motivation for harming Akter was her social popularity.

4

There was no evidence that AL members targeted Akter based on her membership in the social group of "powerful women who are threatened." Akter also did not testify that the AL members mentioned her activism or participation in the college drama organization when they harmed her, and she provided limited testimony that she was a community activist.

Nor did Akter establish that she was targeted for a political opinion, imputed or otherwise. Akter did not testify that the AL supporters made any statements regarding her neutrality. She also did not establish that other individuals were targeted by AL supporters because they did not join a political party, which is circumstantial evidence that the AL was not targeting people for neutrality. The record does not compel the conclusion that AL supporters attacked Akter because of her political opinion of neutrality, rather than because of her refusal to join their political party and their desire to grow their membership through her popularity. *See Elias-Zacarias*, 502 U.S. at 481-83 (holding that claim of forced recruitment was not persecution based on political opinion). Thus, substantial evidence supports the IJ's determination that Akter did not establish that AL supporters had or would harm her based on her political opinion or membership in a social group, rather

than because of her popularity and their desires to increase their membership. *See id.* at 483. This nexus determination is dispositive of both asylum and withholding of removal. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

CAT

"[T]he CAT expressly prohibits the United States from returning any person to a country in which it is more likely than not that he or she would be in danger of being subjected to torture." *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004) (internal quotation marks omitted); *see also* 8 C.F.R. § 1208.16(c)(2)("[T]he burden of proof is on the applicant . . . to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.").

> Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 1208.18(a)(1). The agency must consider "all evidence relevant to the possibility of future torture,"

6

including: "[e]vidence of past torture," evidence regarding the possibility of internal relocation, "[e]vidence of gross, flagrant, or mass violations of human rights," and "[o]ther relevant information regarding conditions in the country of removal."  8 C.F.R. § 1208.16(c)(3)(i)-(iv).  We review the agency's determination regarding the likelihood of torture for substantial evidence.  *See Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) ("A determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding . . . ."); *see also Joaquin-Porras v. Gonzales*, 435 F.3d 172, 181 (2d Cir. 2006) (reviewing findings of fact regarding CAT claim for substantial evidence).

The agency did not adequately explain its denial of CAT protection.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006) (the agency commits legal error if its decision is made "without rational justification" or is "based on a legally erroneous standard.").  "[W]e require a certain minimum level of analysis from the IJ and BIA opinions . . . , and indeed must require such if judicial review is to be meaningful."  *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005).  "We also require some indication

7

that the IJ considered material evidence supporting a petitioner's claim." *Id.*

The IJ denied asylum and withholding of removal solely on nexus grounds and noted that Akter no longer had a well-founded fear of future harm by Sumon. The IJ did not address whether Akter had a well-founded fear of future persecution by AL supporters. Thus, it does not follow that because the IJ denied asylum based on a lack of nexus that the IJ was also required to deny Akter's CAT claim, which does not require nexus to a protected ground. *Cf. Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006). Moreover, the fact that Akter had not been harmed in four years is of little probative value because Akter was not in Bangladesh for most of the four-year period. The IJ also did not provide any explanation for her finding that Akter would not be tortured by a government official or with the acquiescence of a government official. Accordingly, remand is warranted for the agency to provide further explanation regarding its denial of Akter's CAT claim. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006) (finding that the "IJ . . . did not evaluate, or even meaningfully acknowledge" testimony and evidence favorable to the

8

petitioner, "and we must therefore give the IJ [an] opportunity to do so").

For the foregoing reasons, the petition for review is DENIED in part as to asylum and withholding of removal and GRANTED in part as to CAT relief and the case is REMANDED to the BIA for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9