19-4367
*Nieto-Gonzalez v. Garland*

BIA
Merriman, IJ
A201 718 271

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty-three.

PRESENT:
> REENA RAGGI,
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

ELVIS ALEXANDER NIETO-GONZALEZ,
> *Petitioner*,

v.                                                                                      19-4367
                                                                                        NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

**FOR PETITIONER:** Robert F. Graziano, Buffalo, NY.

**FOR RESPONDENT:** Jeffrey Bossert Clark, Acting Assistant Attorney General; Derek C. Julius , Assistant Director; Enitan O. Otunla, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Elvis Alexander Nieto-Gonzalez, a native and citizen of El Salvador, seeks review of a decision of the BIA affirming an order of an Immigration Judge ("IJ") finding that his application for asylum was abandoned and ordering removal. *In re Elvis Alexander Nieto-Gonzalez*, No. A201 718 271 (B.I.A. Dec. 4, 2019), *aff'g* No. A201 718 271 (Immigr. Ct. Batavia June 28, 2019). Nieto-Gonzalez asserts that the agency's decision was erroneous and violated his constitutional right to due process. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review "an IJ's decision to establish and enforce filing deadlines for . . . abuse of discretion," *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008), and we review constitutional claims de novo, *Dale v. Barr*, 967 F.3d 133, 138 (2d Cir. 2020).

"An IJ's decision constitutes error or an abuse of discretion when (1) his decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision . . . cannot be located within the range of permissible decisions." *Dedji*, 525 F.3d at 191–92 (internal quotation marks omitted). "To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that the IJ or BIA otherwise deprived h[im] of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted).

The record does not reflect that the IJ abused her discretion in finding that Nieto-Gonzalez abandoned his asylum application. "[A]n IJ has broad discretion to set and extend filing deadlines," *Dedji*, 525 F.3d at 191, and when "an application or document is not filed within the time set by the [IJ], the opportunity to file that application or document shall be deemed waived," 8 C.F.R. § 1003.31(h). Nieto-Gonzalez was aware of the deadline and was warned twice that his application would be deemed abandoned if he failed to timely file it, yet he did not timely file an application or ask for an extension. Accordingly, the IJ did not abuse her discretion in deeming his application abandoned. *Id.*

Nieto-Gonzalez also fails to establish that the IJ deprived him of due process given that he had an opportunity to apply for relief but failed to do so or to request additional time prior to the deadline. *See Burger*, 498 F.3d at 134. He argues that due process required the IJ to hold a hearing before deeming his application abandoned and ordering him removed, but he cites no authority requiring such a hearing and the Immigration Court Practice Manual does not include such a requirement. *See* U.S. Dep't of Just., Immigr. Ct. Prac. Manual §§ 3.1(b) (describing requirements for the timing of submissions); 3.1(d)(ii) (listing consequences for untimely filings and stating that IJ "retains the authority to determine how to treat an untimely filing"). Further, even if Nieto-Gonzalez had been afforded a hearing, his later explanations for his failure to timely file did not establish good cause, since he chose not to hire an attorney to complete his application even though the IJ had given him a list of legal service providers and despite having hired an attorney to represent him in connection with his credible fear interview and bond proceedings. *Cf. Dedji*, 525 F.3d at 192 (petitioner had good cause for delay in filing when counsel submitted letter explaining failure was due to a fire at her office and that petitioner had submitted documents to her in timely manner).

Nieto-Gonzalez also argues that the IJ violated his due process rights by failing to advise him of the availability of voluntary departure. But we will not consider this argument because he did not exhaust that issue before the BIA. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 118–23 (2d Cir. 2007) (holding that petitioner generally must exhaust all issues before the agency); *Arango-Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir. 1994) (requiring exhaustion of constitutional claim (ineffective assistance of counsel) because it "involve[d] procedural errors correctable by the administrative tribunal" (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court